UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICENTE SORIANO,

     Plaintiff,

v.                            Case No.:  2:22-cv-197-SPC-KCD

EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendant.
_____/

## ORDER

Before the Court is Defendant Experian Information Solutions, Inc.'s motion to compel arbitration. (Doc. 43.) Plaintiff Vicente Soriano has responded (Doc. 46), making this matter ripe. For the reasons below, Experian's motion is denied.

### I. Background

This fair credit case has been pending for over six months. During that time, the parties exchanged written discovery, attended mediation, and submitted a case management report asking for a jury trial. (*See* Doc. 20, Doc. 27, Doc. 28.)  Just as important is what didn't happen during those six months—Experian never mentioned that Soriano's claims are subject to arbitration. Instead, Experian answered the complaint and let the litigation

train move forward, leaving Soriano (and the Court) unaware that arbitration was ever an option.

Experian now wants to pull the brakes and send this case to an arbitrator. Some additional background is helpful here. In 2021, Soriano enrolled in CreditWorks, an online credit monitoring product affiliated with Experian. (Doc. 44.)[1] The enrollment paperwork included an arbitration clause:

> ECS and you agree to arbitrate all disputes and claims between us arising out of the Agreement directly related to the Services or Websites to the maximum extent permitted by law, except any disputes or claims which under governing law are not subject to arbitration. This agreement to arbitrate is intended to be broadly interpreted and to make all disputes and claims between us directly relating to the provision of any Service and/or your use of any Website subject to arbitration to the fullest extent permitted by law . . . .

(*Id.* at 17.)

Soriano later applied for a mortgage and learned that Experian was recording false information on his credit report. (Doc. 1 ¶¶ 22-27.) The resulting hit to Soriano's credit score prevented him from qualifying for the loan he needed. (*Id.* ¶ 33.) This lawsuit under the Fair Credit Reporting Act followed.

---

[1] This document is not paginated. Reference is thus made to the page numbers generated in CM/ECF.

Although not a party to the agreement with CreditWorks, Experian claims the arbitration clause is broad enough to cover its conduct too. Thus, according to Experian, this case should be sent to arbitration. (Doc. 43.)

Soriano wants to stay here. (Doc. 46.) He does not dispute that he is a CreditWorks member, nor that his contract contains an arbitration agreement. Instead, Soriano argues that his "claims against Experian do not arise out of and are not related to [the] agreement with CreditWorks." (*Id.* at 12.) And, in any event, Experian waived its right to compel arbitration. (*Id.* at 8.)

## II. Discussion

Arbitration is simply a matter of contract. "[I]t is a way to resolve those disputes . . . that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).[2] Given arbitration requires consent, a court presented with a motion to compel arbitration must assess three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *See Abellard v. Wells Fargo Bank, N.A.*, No. 19-CV-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019). "The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010).

The parties spill considerable ink discussing the second factor—*i.e.*, whether Soriano's claims fall under the arbitration agreement he signed with CreditWorks. (*See* Doc. 46 at 12-19.) But the Court need not wade into those murky waters. No matter how broadly the contract is read, Experian waived its right to compel arbitration. *C.f. Korioth v. Brisco*, 523 F.2d 1271, 1275 (5th Cir. 1975) ("Cases are to be decided on the narrowest legal grounds available[.]").[3]

An agreement to arbitrate, "just like any other contract, may be waived." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002). The Eleventh Circuit has long used a two-prong test to decide waiver. "Waiver occurs when both: (1) the party seeking arbitration substantially participates in litigation . . .; and (2) this participation results in prejudice to the opposing party." *In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014). Moreover, in recognition of the federal judiciary's preference favoring arbitration, the Eleventh Circuit imposes a "heavy burden" on the party

---

[3] Whether a party waived the right to arbitrate is "presumptively for the courts—and not the arbitrators—to decide." *Plaintiff's S'holders Corp. v. S. Farm Bureau Life Ins. Co.*, 486 F. App'x 786, 789 (11th Cir. 2012). There is an exception. Arbitrators must decide waiver if the parties' agreement clearly and unmistakably delegates that power. *Id.* Neither party contends the contract here contains such a delegation clause.

arguing waiver. *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

This body of law recently changed. In *Morgan v. Sundance, Inc.*, the Supreme Court held that courts may not "condition a waiver of the right to arbitration on a showing of prejudice." 142 S. Ct. 1708, 1713 (2022). "[T]he FAA's policy favoring arbitration does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Id.* Instead, "court[s] must hold a party to its arbitration contract just as [it] would to any other kind." *Id.* Put simply, arbitration agreements must be evaluated the same as all other contracts.

The parties disagree about what is left of the Eleventh Circuit's test following *Morgan*. According to Soriano, the Supreme Court wiped the slate clean by rejecting all "arbitration-specific rules." (Doc. 46.) That includes the "heavy burden" imposed on the party claiming waiver. (*Id.* at 6 ("[C]ourts find themselves presently faced with the question of developing a new standard concerning what constitutes waiver of the right to arbitrate.").) Experian, however, says the first prong of the Eleventh Circuit's test still stands. (Doc. 50 at 3 ("[T]he portion of the Eleventh Circuit's waiver test left intact by *Morgan* provides that waiver occurs when a party substantially invokes the litigation machinery prior to demanding arbitration.").)

The Supreme Court's opinion is admittedly unclear on its precise scope. On the one hand, the Court said that special rules for considering waivers of the right to arbitration are invalid, and instead courts should use the same test as would apply in any other contractual dispute. *Morgan*, 142 S. Ct. at 1713. But on the other hand, in its directions on remand, the Court commented that the Eighth Circuit could "strip" its test "of its prejudice requirement" and ask, "[d]id [the defendant] . . . knowingly relinquish the right to arbitrate by acting inconsistently with that right?" *Id.* at 1714. That instruction conflicts with the first directive because the "Eighth Circuit's test for general waivers of contract rights differs from its test for waivers of the right to arbitrate—even when the latter is stripped of its prejudice requirement." *Herrera v. Manna 2nd Ave. LLC,* No. 1:20-CV-11026-GHW, 2022 WL 2819072, at *7 (S.D.N.Y. July 18, 2022).

The same is true in the Eleventh Circuit. Without the prejudice element, waiver of the right to arbitration occurs "when a party . . . *substantially participates* in litigation to a point inconsistent with an intent to arbitrate." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg),* 62 F.3d 1356, 1366 (11th Cir. 1995) (emphasis added). Yet "courts in this circuit do not apply a substantial participation standard for other contractual rights that may be waived by participation in litigation." *Gaudreau v. My Pillow, Inc.,* No. 6:21-CV-1899-CEM-DAB, 2022 WL 3098950,

at *6 (M.D. Fla. July 1, 2022). For instance, the right to appraisal can be waived with mere active participation. *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 193 (11th Cir. 2021). The Eleventh Circuit formulated the "substantial participation" standard by applying the "policy favoring arbitration." *Gaudreau*, 2022 WL 3098950, at *6. As noted, the Supreme Court has seemingly rejected that analysis.

What remains of the Eleventh Circuit's waiver test is best left for another day. Even applying the heightened substantial participation standard, the result is the same: Experian waived its right to arbitration. *See, e.g.*, *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 2:22-CV-77-JES-KCD, 2022 WL 3025937, at *2 (M.D. Fla. Aug. 1, 2022) (holding, post-*Morgan*, that a party waives the right to arbitration by "substantially invok[ing] the litigation machinery").

Experian says its conduct amounts to "routine procedural actions" that cannot trigger a waiver. (Doc. 50 at 4.) The Court disagrees.

For nearly six months, Experian invoked the juridical process and litigated this case with no indication it was contemplating arbitration. Experian filed two answers, exchanged written discovery, and attended mediation. And when mediation failed, Experian participated in a case management conference and submitted a case management report asking for a jury trial—all without mentioning arbitration. From all appearances, then,

Experian intended to have Soriano's claims adjudicated in court. These actions, viewed in combination, constitute conduct wholly inconsistent with the right to arbitration. *See In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) ("Waiver occurs when . . . the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate[.]"); *Mims v. Glob. Credit & Collection Corp.*, 803 F. Supp. 2d 1349, 1354 (S.D. Fla. 2011) (finding waiver when the defendant attended hearings, participated in mediation, and failed to invoke the right to arbitration for several months).

Not going down without a fight, Experian claims this Court has declined to find waiver on similar facts. (Doc. 50 at 4 (citing *Bennett v. Sys. & Servs. Techs., Inc.*, No. 2:21-CV-770-SPC-NPM, 2022 WL 1470318 (M.D. Fla. May 10, 2022).) But in *Bennett*, unlike here, the defendant pled arbitration as an affirmative defense. That distinction makes all the difference. "The key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018). "Accordingly, fair notice at a relatively early stage of litigation is a primary factor in considering whether a party has acted consistently with its arbitration rights." *Id.* There was no fair notice here—Experian waited nearly half-a-year before saying anything about arbitration.

While a defendant need not raise arbitration in response to the complaint to avoid waiver, it cannot say nothing and drag the plaintiff (and the Court) through months of needless litigation as here. "The judicial system was not designed to accommodate a defendant who elects to forego arbitration when it believes that the outcome in litigation will be favorable . . . and then suddenly change[] course and pursue[] arbitration." *Id.* The waiver doctrine exists to prevent parties from invoking the judicial process and thereby defeating the key purpose of arbitration: "saving the parties' time and money." *Id.*

### III. Conclusion

For reasons unknown, Experian ignored the arbitration agreement with Soriano and defended itself in this forum. That decision has consequences. Having substantially participated in this litigation, Experian cannot now change course and move to what it perceives as a more favorable forum.

One last issue. Experian has separately moved to stay discovery pending a ruling on its request for arbitration. (Doc. 45.) Because the Court is denying the request for arbitration, the motion to stay is moot.

Accordingly, it is now **ORDERED**:

1.    Experian's Motion to Compel Arbitration (Doc. 43) is **DENIED**.

2.    Experian's Motion to Stay (Doc. 45) is **DENIED AS MOOT**.

**DONE AND ENTERED** in Fort Myers, Florida on October 11, 2022.

Kyle C. Dudek
United States Magistrate Judge