UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICENTE SORIANO,

    Plaintiff,

v.                                    Case No.:   2:22-cv-197-SPC-KCD

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendant Experian Information Solutions, Inc.'s ("Experian") Objections to Magistrate Judge's Order (Doc. 52) and Plaintiff Vicente Soriano's Response in Opposition (Doc. 54). The issue is ripe for review.

## BACKGROUND[2]

This is a fair credit case. Soriano alleges he suffered harm to his credit standing due to Experian's reporting mistake. In the first four months this case was pending, Experian filed an answer, an amended answer, exchanged

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.
[2] Because the Court writes only for the parties (who are familiar with the facts), it includes only what is necessary to explain the decision.

discovery, participated in mediation, submitted a case management report where Experian requested a jury trial, and attended a pretrial conference. At that pretrial conference held before United States Magistrate Judge Kyle C. Dudek, Experian mentioned for the first time that the parties' contract required arbitration.

About one month later, and approximately five months into the litigation, Experian moved to compel arbitration. Soriano opposed. Magistrate Judge Dudek found that Experian waived the right to arbitrate. Experian objected to Judge Dudek's Order, arguing Judge Dudek committed several errors by basing his order on erroneous facts and misapplying the legal standard for arbitration waiver. Soriano responded that Judge Dudek's Order is correct—Experian waived its right to arbitrate. For the reasons stated below, the objections to Judge Dudek's Order are overruled.

## LEGAL STANDARD

The parties dispute the appropriate legal standard under which this Court should review Judge Dudek's Order. Experian asserts this Court should review the Order *de novo*, while Soriano believes the appropriate standard is clear error. The issue turns on whether a motion to compel arbitration is dispositive. If a motion is dispositive, courts review a magistrate judge's report *de novo*, but if a motion is non-dispositive, courts review a magistrate judge's order for clear error. Fed. R. Civ. P. 72.

Although the 11th Circuit has not explicitly provided guidance on whether a motion to compel arbitration is non-dispositive, other courts have found that motions to compel arbitration are non-dispositive. *See Moore v. Chuck Stevens Automative, Inc.*, No. 12-00663, 2013 WL 627232 at *1 (S.D. Ala. Feb 20, 2013); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135 (D. Colo. 2012). The Court agrees with the reasoning underlying these decisions. Arbitration, like mediation, is an alternative dispute resolution forum. The Court may confirm, vacate, or modify an arbitration award under certain conditions. 9 U.S.C.A. § 9. Although arbitration may resolve a case, it is possible for a case to come back to this Court after arbitration. *See Brown v. ITT Consumer Fin. Grp.*, 211 F.3d 1217, 1217 (11th Cir. 2000) (discussing whether a district court properly vacated an arbitration decision). Thus, the Court agrees with Soriano that a motion to compel arbitration is non-dispositive.

Given that compelling arbitration is non-dispositive, the Court must review Judge Dudek's Order under a clear error standard. Fed. R. Civ. P. 72(a). The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek,* 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015)

3

(citation omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

Having determined the correct review standard, the Court turns to whether Judge Dudek committed clear error in finding Experian waived its right to arbitrate.

## DISCUSSION

The Court begins with the arbitration waiver legal standard and then discusses Experian's specific objections to Judge Dudek's Order.

Before the Supreme Court's opinion in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), a party waived a contractual right to arbitrate when "(1) the party seeking arbitration substantially participates in litigation . . . ; and (2) this participation results in prejudice to the opposing party." *In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014); *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990). Courts previously imposed a "heavy burden" on the party opposing arbitration—in this case Soriano—to show these factors exist because "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24–25 (1983). But this heavy burden was not and should not be insurmountable. *See Stone*, 898 F.2d at 1544.

4

Recently, the Supreme Court eliminated at least the second prong of the arbitration waiver test: "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration . . ." *Morgan*, 142 S. Ct. at 1714. But there remains a dispute over the scope of *Morgan*.

Soriano argues that the Supreme Court eliminated the two-part test altogether along with the heavy burden, which would make an arbitration provision like any other contractual provision. Under this interpretation, waiver would occur more often. However, Experian argues that the first prong of the test still stands, and Soriano has a heavy burden to show that Experian substantially participated in litigation. The Court need not decide on the correct post-*Morgan* test for arbitration waiver at this juncture. Judge Dudek properly outlined the complexities of the Supreme Court's decision and, for the reasons listed below, did not commit clear error in finding Experian waived arbitration here even considering Experian's post-*Morgan* interpretation where Soriano has the heavy burden to show Experian substantially participated in litigation.

The Court now addresses Experian's objections.

### A. Time Period

First, Experian argues it raised arbitration earlier than Judge Dudek says it did: Judge Dudek's Order asserts Experian failed to mention the

5

arbitration for "nearly six months." (Doc. 51 at 7). Experian claims it took "under five months" to mention arbitration. (Doc. 52 at 7).

Experian's objection misses the mark even under its own reading of *Morgan*. Although Experian is correct that it mentioned the arbitration provision about five months after filing the Complaint (Doc. 35), it makes little difference. This is because the primary consideration in determining if Experian waived arbitration under Experian's own reading of *Morgan* is whether Experian "substantially participated" in the litigation. So, the issue is not simply how long Experian took to raise arbitration, but the actions Experian took in litigating its case before raising it. Time matters only because the amount of time a party litigates before raising arbitration may evidence how substantially it litigated.

Experian does not dispute the actions it took to litigate its case, nor can it, during the "just under five months" or "nearly six months" before it mentioned arbitration. So, Experian's objection deals mostly with semantics: there is little difference between "just under five months"—as Experian argues—and "nearly six months"—as Judge Dudek found—when no one disputes the litigation actions Experian took during that time without raising arbitration. Experian filed an answer and an amended answer, exchanged discovery, participated in mediation, submitted a joint case management report seeking a jury trial, and attended an initial pretrial conference. The key

6

under Experian's reading of *Morgan* is whether this amounts to substantial participation in the litigation. This issue is discussed below.

### B. Burden Shifting

Second, Experian objects that Judge Dudek erred by finding Soriano met its burden to show arbitration waiver when Soriano presented no evidence as to when or how Experian discovered it had a right to compel arbitration or when it first contemplated arbitration. Experian claims Soriano should have conducted arbitration-related discovery to answer these questions.

This objection is based on a misunderstanding of what burden Soriano has, if it does still have one. Even if Soriano maintains a heavy burden post-*Morgan*, that burden would be to show Experian substantially litigated before mentioning arbitration. See *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) ("[I]nvoking judicial process is presumptive waiver.") (emphasis omitted); *Stone*, 898 F.2d at 1543. Experian presents no caselaw to support a burden exists upon Soriano to (1) show when and how Experian discovered a right to arbitrate or (2) when Experian first contemplated arbitration.

Soriano is not a mind reader. It was Experian's responsibility to know the arbitrability of its case and to alert the Court and Soriano about its intent to arbitrate. Experian cannot expect Soriano, or any other individual party, to inquire about whether it planned to compel arbitration, especially when

7

Experian chose not to assert arbitration as an affirmative defense in its initial and amended answers. Judge Dudek did not commit clear error in finding Soriano adequately met his burden without conducting arbitration-related discovery and discussing when Experian discovered its right to arbitrate or first contemplated arbitration.

## C. Juridical Process

Third, Experian asserts that Judge Dudek committed clear error by finding that Experian substantially participated in the litigation. Judge Dudek did not. This action was filed on March 29, 2022. It was not until August 10, 2022, that Experian first mentioned arbitration. They took until September 1, 2022 to file to compel. During that period, Experian substantially participated in the litigation by answering the Complaint, amending its answer, participating in discovery, attending mediation, and submitting a case management report requesting a jury trial – all without a single mention of arbitration or moving to compel arbitration.

Experian cites to *Bennett v. Sys. & Servs. Techs., Inc.* to show a prior case where this Court found that arbitration was not waived despite the parties complying with a similar FCRA fast track schedule. But, as Judge Dudek notes, *Bennett* has a key distinction. There, the defendant asserted an affirmative defense that the action was subject to arbitration, putting the opposing party and the Court on notice it might seek such alternative dispute

8

resolution.  Here, Experian had two bites at the apple to fall within *Bennett*'s holding, both answering and amending its answer, and never once asserted a similar affirmative defense.  Experian cannot remedy its failure.

Judge Dudek did not commit clear error when finding Experian actively and substantially litigated its case and, thus, Experian waived arbitration.

Accordingly, it is now

**ORDERED:**

Defendant's Objections to the Magistrate Judge's Order (Doc. 52) are **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 8, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9